**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **DOUGLAS D. CHEGWIDDEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **Civil Action** |
| **v.** | ) | |
| | ) | **No. 13-4117-KHV** |
| **WAL-MART STORES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| —————————————————————— | ) | |

## MEMORANDUM AND ORDER

Plaintiff Douglas D. Chegwidden brings suit against Wal-Mart Stores, Inc. for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200(e) et seq. Plaintiff's claims arise out of his employment with defendant. This matter is before the Court on Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction (Doc. #8) filed November 18, 2013. Defendant seeks dismissal of plaintiff's claims for failure to exhaust administrative remedies under Rule 12(b)(1), Fed. R. Civ. P.  For the reasons set forth below, the Court overrules defendant's motion.

## Legal Standards

Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes

apparent that jurisdiction is lacking." <u>Scheideman v. Shawnee County Bd. of County Comm'rs</u>, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing <u>Basso v. Utah Power & Light Co.</u>, 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. <u>Marcus v. Kan. Dep't of Revenue</u>, 170 F.3d 1305, 1309 (10th Cir. 1999). Plaintiff bears the burden of showing that jurisdiction is proper, <u>see</u> <u>id.</u>, and must demonstrate that the case should not be dismissed, <u>see</u> <u>Jensen v. Johnson County Youth Baseball League</u>, 838 F. Supp. 1437, 1439–40 (D. Kan. 1993). Conclusory allegations of jurisdiction are not enough. <u>Id.</u>[1]

## Factual Background

The complaint alleges the following facts.

On December 1, 2007, Wal-Mart hired plaintiff to work as a greeter. In December of 2010, after a reduction of hours, plaintiff complained of age discrimination to his front end manager. Defendant restored plaintiff's hours after receiving notice that plaintiff had filed for unemployment benefits. On May 5, 2011, plaintiff reported a disability to defendant and requested an accommodation allowing him to work inside the building. On September 15, 2011, plaintiff reported an additional disability and requested accommodation allowing him to sit down. Defendant agreed to both requests. In late November and early December of 2011, defendant hired four younger greeters, once again decreasing plaintiff's hours. On February 18, 2012, defendant notified plaintiff that the greeter position was changing to include additional job duties such as stocking shelves and using equipment, and would involve exposure to varying temperatures. Two days later, plaintiff told his store manager that the new position would violate his restrictions and that he could not perform the new job duties. During that

---

[1]     The Court liberally construes the pleadings of a pro se plaintiff.  <u>See</u> <u>Jackson v. Integral, Inc.</u>, 952 F.2d 1260, 1261 (10th Cir. 1991). The Court recognizes that after he filed his amended complaint, plaintiff retained counsel. As noted below, however, plaintiff filed the charges and the complaint pro se.

same conversation, plaintiff signed a document acknowledging that Wal-Mart would terminate his employment effective March 12, 2012 unless it could find him a sit-down position.  The document indicated that plaintiff would have a 30-day leave of absence following his termination date.

On February 23, 2012, plaintiff filed an administrative charge with the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC") (collectively referred to as "EEOC charge"). The administrative charge alleged employment discrimination based on disability, retaliation, and age.  The charge specifically asserted that plaintiff's last day was March 12, 2012 unless Wal-Mart found him a sit-down position.  Additionally, the charge stated that defendant would place plaintiff on a 30-day leave of absence on March 12, 2012, after which his termination would be effective if defendant could still not find a sit-down position.

On March 5, 2012, plaintiff asked his manager, Donna Schley, about being scheduled for work after March 12, 2012.  She informed plaintiff that she could not speak to him and that plaintiff would have to talk with Wal-Mart's lawyers.  Defendant never recalled plaintiff to work after March 12, 2012 or at any time during the 30-day leave of absence.  It asserts that plaintiff's termination was not officially filed in their records until September 17, 2012.  Plaintiff received a "right to sue" letter dated March 13, 2013 and filed this complaint on June 10, 2013.

<u>Analysis</u>

Defendant asks the Court to dismiss plaintiff's complaint because he failed to exhaust administrative remedies as to each claim and therefore has not established subject matter jurisdiction.

To exhaust administrative remedies, plaintiff generally must present his claim to the EEOC or authorized state agency (in Kansas, the KHRC) and receive a right to sue letter based on that charge. <u>Rader v. U.S.D. 259 Wichita Pub. Sch.</u>, 844 F. Supp.2d 1206, 1210 (D. Kan. 2011). The charge "shall

be in writing and signed and shall be verified," 29 C.F.R. § 1601.9, and must at a minimum identify the parties and "describe generally the action or practices complained of." Id.

Plaintiff must exhaust administrative remedies before filing an employment discrimination suit in federal court, and failure to do so deprives the court of jurisdiction. Apsley v. Boeing Co., 691 F.3d 1184, 1210 (10th Cir. 2012) (Title VII and ADA); Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005) (ADEA); see Gad v. Kan. State. Univ., No. 12-2375-EFM, 2014 WL 545596, at *2 n.12 (D. Kan. Feb. 11, 2014). The Court must look beyond the pleadings to examine plaintiff's administrative filings with the KHRC and the EEOC. Such examination is permissible in deciding jurisdiction, without converting the motion to one for summary judgment. Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1324 (10th Cir. 2002).

The purpose of the exhaustion requirement is to (1) give notice of an alleged violation to the charged party and (2) give the administrative agency an opportunity to conciliate the claim outside of court. See Haney v. Donovan, No. 08-2658-JAR, 2010 WL 1284468, at *7 (D. Kan. Mar. 30, 2010).

In determining whether administrative remedies have been exhausted, courts liberally construe EEOC charges. Jones v. UPS, Inc., 502 F.3d 1176, 1186 (10th Cir. 2007). Courts apply a lenient pleading standard because administrative charges are regularly filled out by employees who do not have benefit of counsel)[2] See Richardson v. Rusty Eck Ford Inc., No. 12-1313-KHV, 2013 WL 1704930, at *14 (D. Kan. Apr. 19, 2013).

Defendant argues that plaintiff failed to exhaust administrative remedies because his charge of discrimination encompassed future events, i.e. events which had not occurred when he filed his EEOC charge. Defendant argues that this case is similar to AMTRAK v. Morgan, 536 U.S. 101, 110 (2002), which held that each discrete incident of discrimination must occur within the 180 day period before

---

[2]     As noted above, plaintiff did not have counsel at the time he filed his administrative charge and complaint.

plaintiff filed a charge, and therefore plaintiff could not sue for separate, past discriminatory acts older than 180 days. Defendant argues that the rule in <u>Morgan</u> "is equally applicable to discrete claims based on incidents occurring after the filing of plaintiff's EEO complaint." <u>Martinez v. Potter</u>, 347 F.3d 1208, 1210-11 (10th Cir. 2003). Here, however, unlike other situations involving future conduct, defendant told plaintiff the exact date when he would be terminated, and plaintiff filed his administrative charge with all information needed for any state or federal agency to give notice to defendant and to adequately investigate plaintiff's claims. Whether plaintiff filed his charge on February 23, 2012 or 30 days following March 12, 2012, the substance of the claim was the same. Defendant was on notice of the claim and the agency had a chance to conciliate it.

Furthermore, claims that are reasonably related to or grow out of allegations listed in an EEOC charge may be included in a later Title VII action. <u>Carroll v. Gradient Financial Group, LLC.</u>, No. 12-2477-JAR, 2013 WL 3328695 at *4 (D. Kan. July 2, 2013) (citing <u>Schnellbaecher v. Baskin Clothing Co.</u>, 887 F.2d 124, 127 (7th Cir. 1989)). Minor discrepancies between the charge of discrimination and the complaint do not prevent a finding that plaintiff has exhausted administrative remedies. <u>Id.</u> Here, the fact that plaintiff included his termination in the EEOC charge served the purpose of exhaustion and does not prevent a finding that plaintiff exhausted his administrative remedies.

Plaintiff asserts that he included the termination in his EEOC charge because he believed that the statute of limitations started to run with notice of his proposed termination, rather than the date of actual termination. Defendant argues that plaintiff's termination was conditional and therefore insufficient to start the statute of limitations. Mere speculation that "I will be terminated" sometime in the future is not sufficient for an EEOC charge to sufficiently exhaust administrative remedies. <u>Elson v. Colo. Mental Health Inst.</u>, No. 09-1375-MSK, 2011 WL 1103169 at *9 (D. Colo. Mar. 24, 2011). This case, however,

does not involve mere speculation. Defendant notified plaintiff that he *would* be terminated if a sit down position was not available. Additionally, defendant informed him of the specific time table that his termination was to occur.

The Tenth Circuit has refused to dismiss a plaintiff's claim for lack of subject matter jurisdiction based on a technicality, see Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1196 (10th Cir. 2004), which is exactly what defendant seeks to do. For the reasons stated, the Court finds that plaintiff has adequately exhausted administrative remedies.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss For Lack Of Subject Matter Jurisdiction (Doc. #8) filed November 18, 2013 be and hereby is **OVERRULED**.

Dated this 23rd day of July, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil_____
Kathryn H. Vratil
United States District Judge